UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PORT AUSTIN[1]

      *Plaintiff*,

v.

JOHN J. STAPLETON,

      *Defendants*.
_____/

CASE NO. 22-11895

HON. THOMAS L. LUDINGTON
DISTRICT JUDGE

HON. PATRICIA T. MORRIS
MAGISTRATE JUDGE

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON *SUA SPONTE* DISMISSAL

### I.  RECOMMENDATION

On August 10, 2022 John J. Stapleton initiated the present action by filing "Notice of Removal To Federal Court." The five-page submission consists of a hand-written caption, a one-paragraph statement, two pages of exhibits, and a "summary" of 18 U.S.C. § 242. Stapleton's application to proceed *in forma pauperis* ("IFP") [ECF No. 2, PageID.7] has been granted. I have examined his complaint under 28 U.S.C. §§ 1331, 1343, 1367, and 1915. For the following reasons, I conclude that Plaintiff has failed to state a claim, and therefore his complaint should be ***SUA SPONTE* DISMISSED**.

### II.  REPORT

---

[1] The Court recognizes that while Stapleton initiated the present action, he listed himself as the "defendant" and "Port Austin" as the plaintiff.

### A. The Complaint's Allegations

Aside from the exhibits and citation to 18 U.S.C. § 242, Stapleton's submission is limited to the following statement:

> Here ye, Here ye, Here ye. Let it be known that the vigilante officials [have] tacked the property of 8456 Will Street, Port Austin, Michigan 48467 commencing I believe on May 27, 2022. It is reinstating the meter to begin again with a commencement of their actions.
>
> I the resident of this location, retired Teamster and disabled person shall protect the constitution and the treaties namely [] United Nations Charter of Rights for the protection of the vigilante proceedings and not warranted and failure to no heed the trespass declaration upon this site.
>
> Without dishonor,
>
> John J. Stapleton.

(ECF No. 1, PageID.2). Appended to this statement is a July 5, 2022 "receipt of payment for $234.50; a copy of a Michigan "Bridge Card"; an ATM receipt from July 25, 2022 showing a balance of $58.58; and a notice of 2021 delinquent property taxes for the Will Street property, owing in the amount of $970.14 if paid before August 31, 2022. (Id. at PageID.3-4).

### B. Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court must *sua sponte* review and dismiss the complaints of plaintiffs proceeding IFP if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519,

520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

### C. Analysis

The present action is dismissible on multiple grounds. First, while Stapleton apparently alleges the violation of his civil rights under 18 U.S.C § 242, a criminal statute such as this does not provide a private cause of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (The plaintiff "has no private right of action" under either 18 U.S.C. §§ 241 or 242). Stapleton has therefore failed to state a claim based on the alleged violations of criminal law.

To be sure, Stapleton could have brought this case under 42 U.S.C. § 1983 "under which 'an individual may bring a private cause of action against anyone who, under color of state law, deprives a person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute.'" *Guertin v. State*, 912 F.3d 907, 915 (6th Cir. 2019) (quoting *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012)). However, assuming that the Court construed the submission to allege violations of § 1983 rather than the criminal statute, Stapleton has failed to state a plausible claim for relief. It can be inferred from his reference to "vigilante officials" - along with the appended copy of a delinquent tax bill - that he disputes that he is required to pay the delinquent property taxes. However, he fails to explain how non-party "vigilante officials," much less Port Austin itself, violated his civil rights by simply notifying him that his 2021 taxes were delinquent.

Moreover, Stapleton's claim insofar as he states that he is entitled to relief under the United Nations Charter of Rights has no basis in fact or law. That claim is dismissible under Fed. R. Civ. P. 12(b)(1). "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Aside from Stapleton's failure to articulate a cogent civil rights claim, the Court lacks subject matter jurisdiction over his claim of violations of the United Nations Charter of Rights.

## III. CONCLUSION

For the reasons stated above, I recommend that the Court *sua sponte* dismiss the case under either Rule 12(b)(1) or 12(b)(6).

## IV. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file

a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 29, 2022                    S/ PATRICIA T. MORRIS
                                         Patricia T. Morris
                                         United States Magistrate Judge