UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PORT AUSTIN,

                Plaintiff,                                     Case No. 1:22-cv-11895

v.                                                       Honorable Thomas L. Ludington
                                                            United States District Judge
JOHN J. STAPLETON,

                                                       Honorable Patricia T. Morris
               Defendant.                                United States Magistrate Judge

_____/

**OPINION AND ORDER (1) OVERRULING DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION, (2) ADOPTING REPORT AND RECOMMENDATION, AND (3) REMANDING CASE**

This matter is before this Court upon Defendant's objections to the Magistrate Judge's Report and Recommendation (R&R). After reviewing Defendant's pleadings, this Court has determined that the case was improperly removed and must therefore be remanded to the 73B District Court of Huron County.

Because Defendant's Notice of Removal might have been intended to be a complaint, as the Magistrate Judge construed it, this Court has also reviewed those portions of the R&R to which Defendant has objected. Defendant's objections will be overruled and the R&R will be adopted.

I.

On August 10, 2022, Defendant John J. Stapleton filed a "Notice of Removal to Federal Court." ECF No. 1. The document reads:

PROCLOMATION FOR FREEDOM FOR 2022

    Hear ye, Here ye, Here ye. Let it be known that the vigilante officials has tacked the property of 8456 Will Street, Port Austin, Michigan 48476 commencing I believe on May 27, 2022. It is reinstating the meter to begin again with a commencement of their actions.

> I the resident of this location, retired Teamster and disabled person shall protect the constitution and the treaties namely: namely United Nations Charter of Rights for the protection of the vigilante proceedings and not warranted and failure to not heed the trespass declaration upon this site.
>
> Without dishonor,
> John J. Stapleton

ECF No. 1 at PageID.2 (cleaned up). But Defendant neither identifies the originating state court nor references a state-court case number. *See generally id.* He merely attached a Michigan Bridge Card, an ATM receipt dated July 5, 2022, an undated notice of delinquent 2021 property taxes for a property on Will Street, and a "summary" of 18 U.S.C. § 242. *See id.* at PageID.3–5.

Magistrate Judge Patricia T. Morris reviewed Defendant's filing, construed it is a complaint, and issued an R&R concluding that it was "dismissible on multiple grounds." ECF No. 7 at PageID.17.

On September 12, 2022, Defendant filed nine objections to Judge Morris's R&R. ECF No. 8. In his objections, for the first time, Defendant mentioned the state case underlying his removal. *See id.* at PageID.22 (mentioning "Case # 223120N under Judge Herrington in 73B State of Michigan Judicial District[.]").

Two days later, an employee of this Court called the 73B District Court of Huron County for the details of the state-court case. The 73B District Court Clerk said Defendant received a "blight/junk storage violation ticket" on July 5, 2022, that the criminal case was filed on July 6, 2022, that Defendant was arraigned on August 4, 2022, that the case is pending on the 73B District Court's "criminal docket," and that a hearing is scheduled for October 12, 2022. *See Port Austin v. Stapleton*, No. 22312-ON (Mich. 73B Dist. Ct. Huron Cnty. filed July 6, 2022) (Ticket No. 33-111-APAT).

II.

As a threshold matter, this case was improperly removed and must be remanded.

A.

Removal of state-court criminal prosecutions is permissible in only "rare circumstances." *Thurmond v. Southfield Police Dep't*, 2017 WL 5892229, at *1 (E.D. Mich. Apr. 20, 2017) (first citing 28 U.S.C. § 1443; and then citing 28 U.S.C. § 1455). Removals of state criminal prosecutions are governed procedurally by 28 U.S.C. § 1455 and substantively by 28 U.S.C. § 1443. *Lay v. Michigan*, No. 22-CV-11095, 2022 WL 2168860, at *1 (E.D. Mich. June 16, 2022).

This Court must summarily remand the case "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4). Substantively, Defendant's notice of removal must "contain[] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." *Id.* § 1455(a). Procedurally, Defendant must sign the notice of removal according to Federal Rule of Civil Procedure 11. *Id.*; *see also* FED. R. CIV. P. 11 ("The paper must state the signer's address, e-mail address, and telephone number.").

B.

Defendant has not satisfied § 1443's substantive requirements for removal. It is well established that § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)). Defendant has not alleged that he is such an official. And removal under § 1443(1) requires the defendant to show that the case involves "a right under any law providing for . . . equal civil rights." 28 U.S.C. § 1443(1). This phrase is limited to those "rights specifically defined in terms of racial

equality." *Fenton v. Dudley*, 761 F.3d 770, 773 (7th Cir. 2014) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "More general sources of equality rights, like the Due Process Clause, or rights framed in nonracial terms do not suffice." *Id.* Defendant does not allege any racial conduct. And—though he cites a racial-discrimination criminal statute, 18 U.S.C. § 242, it does not create a private right of action. *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (unpublished) (citing *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)). And he has not shown, as required, that he "is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

Because Defendant has not shown that § 1443(1) or (2) applies, removal was substantively improper and summary remand is appropriate. 28 U.S.C. §§ 1443, 1455(b)(4).

Removal was also procedurally improper. Defendant's notice did not include copies of any process, pleadings, or orders served upon him in the underlying state case. *See generally* ECF No. 1. Indeed, it did not even reference the state court or case number. *Id.* And it does not satisfy Rule 11's signing requirements because it does not include Defendant's e-mail address or phone number. *Id.*

For procedural defaults too, this Court will remand the case to the 73B District Court of Huron County. 28 U.S.C. § 1455(b)(4).

Insofar as Defendant might be attempting to bring a civil action, this is accomplished by filing a complaint. *See* FED. R. CIV. P. 3, 8; *see also* U.S. Dist. Ct., E. Dist. Of Mich., *How to Represent Yourself*, https://www.mied.uscourts.gov/index.cfm?pageFunction=proSe. But he should be mindful that when a civil claim relates to a criminal prosecution, parties are generally unable to obtain damages unless the criminal action has been resolved in the defendant's favor. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Even then, there are no guarantees.

**III.**

Because this case will be remanded, Judge Morris's R&R and Defendant's objections need not be addressed. Yet, just in case Defendant's Notice of Removal was intended to function as a complaint, this Court will address the R&R and Defendant's objections.

**A.**

A party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If a party objects, then "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

Failure to file specific objections constitutes a waiver of any further right of appeal. *Id.* at 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

A district court is "not obligated to reassess the same arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation." *Nelson v. Saul*, No. 19-CV-12964, 2021 WL 688583, at *4 (E.D. Mich. Feb. 23, 2021) (citing *Sanders v. Saul*, No. 19-CV-12475, 2020 WL 5761025 at *2 (E.D. Mich. Sept. 25, 2020); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (An objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.").

Parties may not "raise at the district court stage new arguments or issues that were not presented" *before* the magistrate judge's final R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court is free to accept, to reject, or to modify the magistrate judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

**B.**

Defendant's first objection appears to allege he was not granted a jury trial. ECF No. 8 at PageID.20. But Defendant did not make that argument to Judge Morris. Accordingly, Objection 1 will be overruled. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Defendant's second objection appears to reference some "right of approval" under 18 U.S.C. § 242 but does not raise any issues with the R&R. *See* ECF No. 8 at PageID.21. Accordingly, Objection 2 will be overruled. *See McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (unpublished) (holding that a failure to identify specific concerns with an R&R is the equivalent of failing to object).

Defendant's third objection appears to discuss delinquent taxes. ECF No. 8 at PageID.21. Defendant submitted a copy of a delinquent-tax notice with his notice. ECF No. 1 at PageID.4. But his objection does not raise any issues with the R&R. Accordingly, Defendant's Objection 3 will be overruled. *See McCready*, 113 F. App'x at 49.

Defendant's fourth objection asserts he is a "77 year old widowed male with physical and mental defects." ECF No. 8 at PageID.22. That objection does not raise any issues with the R&R. Accordingly, Defendant's Objection 4 will be overruled. *See McCready*, 113 F. App'x at 49.

Defendant's fifth objection appears to discuss the removal of a case originally filed in the 73B District Court of Huron County. ECF No. 8 at PageID.22. But Defendant did not reference

that case in his notice. *See generally* ECF No. 1. Because any argument or evidence relating to the Huron County case was not presented to Judge Morris, it may not be introduced now. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Accordingly, Defendant's fifth objection will be overruled.

Defendant's sixth objection appears to allege Judge Morris recommended dismissal of Defendant's complaint due to his disabilities and lack of counsel. ECF No. 8 at PageID.23. But Defendant does not identify a specific part of the R&R to which he is objecting. Thus, Objection 6 will be overruled. *See McCready*, 113 F. App'x at 49. In any case, nothing in the R&R even hints that Judge Morris relied on either of those factors.

Defendant's seventh objection says Defendant "would have included the violations of [his] trespass orders if [he] had known to do so." ECF No. 8 at PageID.24. But Defendant cannot present new evidence that was not before Judge Morris. *See Murr*, 200 F.3d at 902 n.1. Thus, Objection 7 will be overruled.

Defendant's eighth objection references the United Nations and apparently asserts Defendant is a victim of a hate crime. ECF No. 8 at PageID.24. This argument was not before Judge Morris, and Defendant cannot present new arguments in objections. *See Murr*, 200 F.3d at 902 n.1. Accordingly, Objection 8 will be overruled.

Defendant's ninth objection acknowledges "that there is lack of jurisdiction" for his claims yet alleges a "right of appeal to the United Nations for relief" and vaguely asserts concerns about his constitutional rights. *Id.* at PageID.25–26. But Defendant has not raised any issues with Judge Morris's R&R. *See McCready* 113 F. App'x at 49. Accordingly, Objection 9 will be overruled.

Because all Defendant's objections will be overruled, the R&R will be adopted.

- 8 -

**IV.**

Accordingly, it is **ORDERED** that Defendant's Objections, ECF No. 8, are **OVERRULED**.

Further, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 7, is **ADOPTED** to the extent Defendant intended his Notice of Removal to Federal Court, ECF No. 1, to function as a new complaint.

Further, it is **ORDERED** that, to the extent Defendant intended his Notice of Removal to Federal Court, ECF No. 1, to function as a new complaint, it is **DISMISSED**.

Further, it is **ORDERED** that the above-captioned case is **REMANDED** to the 73B District Court of Huron County.

**This is a final order and closes the case**.

Dated: September 15, 2022      s/Thomas L. Ludington
                               THOMAS L. LUDINGTON
                               United States District Judge